# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

WAGNER INVESTMENT COMPANY, )
)
          Plaintiff, )
)
v. )
) Civil Case No. 05-3012-CV-S-FJG
)
REGIONS BANK f/k/a UNION )
PLANTERS BANK, )
)
          Defendant. )

## ORDER

On September 8, 2005, the Court held a teleconference with the parties to discuss two discovery issues.

**A. Defendant's Objection to Plaintiff's Deposition Notice**

On August 12, 2005, defendant Regions Bank filed an Objection to a Deposition Notice served upon the bank by plaintiff. Plaintiff requested the Bank to make available a representative available to testify regarding various matters, including the policies and procedures of the Bank for preparation and filing of Suspicious Activity Reports ("SAR's") under the Bank Secrecy Act as they existed in 1999 to the present, as well as the policy and procedures of the Bank for investigating check kiting schemes by customers or others under the Bank Secrecy Act as they existed in 1999. The Bank argues that it is forbidden from responding to any inquiries that plaintiff may have concerning any investigation of suspicious activity or SAR's because federal law has established an unqualified privilege against production of SAR's or identifying whether a SAR was even filed.

Plaintiff agrees that the Bank Secrecy Act does not require the production of the actual SAR, but states that the existence of a SAR and any supporting documentation regarding the SAR is discoverable. Plaintiff states that this information is discoverable because it relates to the issues of notice and knowledge of the Bank and is relevant to plaintiff's claim of aiding and abetting.

Plaintiff relies on three cases in support of its position: <u>Weil v. Long Island Sav. Bank</u>, 195 F.Supp.2d 383 (E.D.N.Y. 2001), <u>U.S. v. Holihan</u>, 248 F.Supp.2d 179 (W.D.N.Y. 2003) and <u>First Deposit Ins. Corp. v. First Interstate Bank of Des Moines</u>, 885 F.2d 423 (8th Cir. 1989). In <u>Weil</u>, the Court stated:

> [t]he privilege is, however, limited to the SAR and the information contained therein; it does not apply to the supporting documentation. . . . The court notes that in some cases, the supporting documentation could disclose the existence of an SAR and reveal the content of the SAR, thus thwarting the intent of the regulation. In most cases, however, the disclosure of supporting documentation would not reveal the filing of an SAR, and such documentation cannot be shielded from otherwise appropriate discovery simply because it has some connection to an SAR. This is especially true in a situation such as this one, where everyone apparently already knows that an SAR was filed.

<u>Id</u>. at 389 (internal citations omitted). However, this is not the situation in the instant case, as plaintiff's counsel admitted during the teleconference that they did not know if a SAR had been filed and this was one of the facts which they wished to learn. Similarly in <u>United States v. Holihan</u>, the Court stated, "[t]hus, 31 U.S.C. § 5318(g) as implemented by 12 C.F.R. § 21.11(k) create an unqualified discovery and evidentiary privilege that cannot be waived. . . . Despite the prohibition against a bank's disclosure of the existence or contents of an SAR, any supporting documentation remains discoverable." 248 F.Supp.2d at 187 (internal citations omitted). Plaintiff cited a third

case: Federal Deposit of Insurance Corp. v. First Interstate Bank of Des Moines however, this case dealt only with the question of whether a bank could be held liable for aiding and abetting.  The case did not address the issue of the discoverability or production of SAR's.

In its reply suggestions, Regions Bank cited the case Whitney Nat'l. Bank v. Karam, 306 F.Supp.2d 678, 680 (S.D.Tex. 2004). In that case, the Court provided some guidance as to what was discoverable and which items were not.  The Court stated:

> In this case, defendants have disavowed any desire to discover the existence or contents of a SAR, but seek all communications between the Whitney Bank Parties and law enforcement or government agencies relating to the defendants or their transactions or activities at Whitney Bank.  The line defendants seek to draw is not one the cases recognize.  Under the cases applying the statute and regulations, a court should protect against discovery into information that would reveal that a report of a suspicious transaction to a government agency has been prepared or filed or would reveal its contents. The cases have read this prohibition as extending to whether a SAR or other report of suspicious transaction to a government agency exists; whether such a report is being prepared or has been filed; and the contents of such a report or the information contained therein. Courts have, however, allowed the production of supporting documentation that was generated or received in the ordinary course of the bank's business, on which the report of suspicious activity was based.

Id. at 682.  Similarly, in Bank of China v. St. Paul Mercury Insur. Co., No. 03-Civ.-9797(RWS), 2004 WL 2624673 (S.D.N.Y. Nov. 18, 2004), the Court echoed the restrictions noted by the Court in Whitney and stated that "[a]s stated by the OCC and upheld by the courts, the facts giving rise to the filing of a SAR are discoverable if those facts are available in a document created in the ordinary course of the Bank's business. However, the Bank is precluded from stating whether certain facts are contained in the SARs themselves." Id. at *6.  In their reply suggestions, Nations Bank states that it has already produced all account documents and business records which were made in the

ordinary course as requested by plaintiff. Therefore, the Court concludes that the information which plaintiff is seeking in its deposition notice is privileged and is therefore not discoverable. The Court therefore, **SUSTAINS** defendant's objection to plaintiff's deposition notice (Doc. # 34).

### B. Defendant's Employee-Expert Witness

On August 15, 2005, defendant designated Joyce Shea as an expert witness. Plaintiff's counsel states that he requested that defendant provide an Expert Witness Report as required by Rule 26 and the Court's Scheduling Order so that he could decide whether to travel to Tennessee to take Ms. Shea's deposition. Defendant advised plaintiff's counsel that they did not believe that an expert witness report was required for this witness as she is an employee expert whose regular duties do not include giving expert testimony.

Fed.R.Civ.P. 26(a)(2)(A) states :

In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

Fed.R.Civ.P. 26(a)(2)(B) states in part:

Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.

In <u>Duluth Lighthouse for the Blind v. C.G. Bretting Mfg. Co., Inc.</u>, 199 F.R.D. 320, 323 (D. Minn. 2000), the Court determined that the plaintiff's former CEO was a "lay expert witness, under Rule 701, Federal Rules of Evidence, which excuses his opinions

4

from the reporting requirements of Rule 26(a)(2)(A), Federal Rules of Civil Procedure, as [the witness] is not a 'person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.' Rule 26(a)(2)(A), Federal Rules of Civil Procedure." See also C.H. Robinson Worldwide, Inc. v. Ghirardelli Chocolate Co., No. 03-2978(JRT/FLN), 2005 WL 1432199 (D.Minn. May 23, 2005)(same). The Court finds that Ms. Shea is an employee-expert and is not subject to the expert witness disclosure requirements of Fed.R.Civ.P. 26 as she was not specifically retained for this litigation and her regular duties as an employee do not include providing expert testimony.

Date: September 12, 2005  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge