# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| WAGNER INVESTMENT COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Case No. 05-3012-CV-S-FJG |
| | ) |
| REGIONS BANK f/k/a UNION | ) |
| PLANTERS BANK, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (Doc. # 5) and Plaintiff's Motion for Leave to File a Surreply (Doc. # 15).

## I. BACKGROUND

In September 1999, Wagner Investment Company ("WIC") entered into a business relationship with Len Bestgen and CSO Funding Trust. The purpose of the relationship was to realize profits from an investment opportunity presented to WIC by Bestgen. As part of the agreement, plaintiff was to deliver $500,000 to a third party, International Banque Holding Company ("IBHC") to be utilized to fund the investment opportunity. On December 21, 1999, plaintiff delivered $500,000 to IBHC by way of a cashier's check. As it was a cashier's check, the bank was the drawer and the drawee on the check. On December 23, 1999, IBHC deposited the cashier's check into its bank account at Union Planters Bank in Florida. On December 27, 1999, Union Planters was presented with two checks issued upon IBHC's account at Union Planters, check

numbers 1550 and 1552, in the amounts of $400,000 and $100,000 and payable to Jamar. Upon presentment of the checks by Jamar for payment, Union Planters issued Jamar three official bank checks totaling $500,000. The present suit seeks to rescind the negotiation of the checks and to tie Union Planters to the fraud committed by John Macari, Jamar Enterprises, Inc., George Manter and International Banque Holding Corporation. Plaintiff's petition asserts two causes of action against the Bank, Count I: Rescission and Count II: Aiding and Abetting Theft.

## II. STANDARD

"The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his or her claims." Doe v. Hartz, 52 F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997) (citations omitted). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe, 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(internal quotations, ellipses and citations omitted). "The purpose of a 12(b)(6) motion is to determine whether the plaintiff has stated a claim upon which relief may be granted.

2

## III. DISCUSSION

Union Planters seeks dismissal of Count I (Rescission), on three grounds: 1) plaintiff lacks standing to request such relief; 2) plaintiff has not stated a basis for rescission of the checks and 3) the claim is barred by the statue of limitations. Union Planters seeks dismissal of Count II (Aiding and Abetting Theft) on two grounds: 1) any harm plaintiff suffered occurred independent of and prior to Union Planter's actions regarding the check and 2) plaintiff fails to allege more than unsupported legal conclusions. The Court will examine each of these arguments in turn.

**Count I - Rescission**

**A. Plaintiff's Standing**

Union Planters argues that any right to rescind the checks belongs to IBHC, as the drawer and not to plaintiff, who is not a party to the checks. Union Planters argues that the liability of a bank for action or nonaction with respect to an item handled by the bank for purposes of presentment, payment or collection is governed by the law of the place where the branch is located. Thus, Union Planters argues that Florida substantive law applies. Union Planters states that IBHC as the drawer of the checks, drew the checks on its account at Union Planters and made the checks payable to Jamar. Plaintiff was not a party with regard to these checks. Thus at the time of the negotiation, the only entities with a possessory interest were IBHC and Jamar and Union Planters as the drawee and depository bank.

Plaintiff argues that neither Florida or Missouri law require that it establish a possessory or property interest in the checks in order to state a claim for rescission.

3

Plaintiff states that both Florida and Missouri statutes state:

> a person taking an instrument, other than a holder in due course, is subject to a claim of a property or possessory right in the instrument or its proceeds, including a claim to rescind a negotiation and to recover the instrument or its proceeds. A person having rights of a holder in due course takes free of the claim to the instrument.

Fla.Stat.Ann. § 673.3061; Mo.Rev.Stat. § 400.3-306.

Plaintiff argues that this language allows a party with a property or possessory interest in the proceeds of an instrument to maintain an action against a party that is not a holder in due course. Plaintiff also argues that under Florida law a stranger to a transaction may bring an action for recision if his or her legal or equitable rights are affected. See ADCA Corp. v. Blumberg, 403 So.2d 547 (Fla.Ct.App. 1981).

In reply, Union Planters cites a Missouri case which holds that a complete stranger to an instrument has no rights in the instrument. However, this stands in contrast to Union Planters' argument that Florida substantive law should apply to this case. Union Planters also states that plaintiff does not have an interest in either the proceeds or the checks themselves. At most Union Planters argues plaintiff has an interest in the funds which it paid to IBHC, the proceeds of the UMB cashier's check which plaintiff delivered to IBHC. Union Planters also argues that plaintiff has not shown that its legal or equitable rights have been affected. Union Planters states that prior to the negotiation, plaintiff has a claim against the parties who allegedly defrauded plaintiff and after negotiation, plaintiff's claim against these parties is no different, it continued to have a claim for the recovery of the money. Union Planters argues that plaintiff is improperly attempting to step into the shoes of IBHC to rescind the negotiation of the checks.

4

Case 6:05-cv-03012-FJG   Document 44   Filed 09/30/05   Page 4 of 10

The Court finds that Florida law applies to this action and that under the Florida statue and the Florida caselaw, plaintiff has standing to assert its claim for recision. Union Planters has admitted that it was not a holder in due course and the statute clearly states that such a holder is subject to claims to rescind the negotiation of the instrument. Florida caselaw also clearly states that a stranger to the transaction may bring an action for recision. Therefore, the Court finds that plaintiff has standing to bring this claim.

### B. Basis for Rescission

Union Planters states that the grounds upon which a party can rescind an instrument are fraud, accident, mistake, turpitude of consideration and circumstances entitling a party to relief on the principle of quia timet. Union Planters states that although plaintiff has generally pled that it was defrauded by certain defendants, it has stated no facts alleging that any fraud exists as to the issuance of the checks. Union Planters states that any fraud alleged by plaintiff does not go to the instruments sought to be rescinded, the checks.

Plaintiff argues in opposition that the Florida statute, Fla.Stat.Ann. § 673.3061, does not require that the grounds for rescission of the instrument must relate to the issuance of the instrument. Even if there was such a requirement, plaintiff states that its claim of fraud is sufficient to satisfy such a burden. Plaintiff states that but for its $500,000 investment (which was procured through fraud), IBHC's account did not have sufficient funds to pay the checks. The $500,000 was used by Union Planters to pay the checks presented by Macari/Jamar Enterprises were funds that were fraudulently obtained from plaintiff. Thus, plaintiff argues that the checks were issued as part of the

5

scheme to defraud plaintiff out of its $500,000.

The Court agrees and finds that plaintiff's petition has stated a sufficient basis for its rescission claim. Plaintiff has alleged that the issuance of the checks to Macari/Jamar was part of the overall scheme to defraud it. Therefore, the Court finds these allegations sufficient to state a claim.

**C. Statute of Limitations**

Union Planters argues that even if plaintiff has standing, the rescission claim is barred by the three year statute of limitations prescribed by Mo.Rev.Stat. §400.4-111. Union Planters argues that the law of the forum state is applied when considering the applicable statute of limitations. Because the checks were presented to Union Planters for payment and Union Planters made payment on December 27, 1999, this is the date that plaintiff's damages accrued. Union Planters states that the instant action was filed on December 2, 2004, nearly 5 years after its cause of action arose.

Plaintiff argues that the applicable statute of limitations is Missouri's five year statute of limitations governing actions based on fraud. Plaintiff argues that although generally, the three year statute of limitations for actions arising under Article 3 would apply, the threshold question is whether the liability of a party arises from a duty imposed by the UCC or by another source. Plaintiff states that its claim is not based on conversion, breach of warranty or a right created by Section 400.3-306 and therefore, it is not governed by Section 400.3-118(g)(iii). Thus, plaintiff argues that the statute of limitations is the Missouri five year statute.

In reply, Union Planters argues that the checks were presented for payment and payment was made at a Union Planters' branch in Florida. All of Union Planters' actions

6

Case 6:05-cv-03012-FJG   Document 44   Filed 09/30/05   Page 6 of 10

and plaintiff's alleged damages occurred on that date in Florida. Therefore, Union Planters argues that the cause of action accrued in Florida. Union Planters argues that plaintiff's cause of action arises out of an obligation placed upon Union Planters under Missouri's enactment of Article 3 of the UCC, thereby establishing a three year statute of limitations. Alternatively, Union Planters argues that assuming that Article 3 is inapplicable, Missouri's borrowing statute requires the borrowing and application of Florida's four year statute of limitations based on fraud. Missouri's enactment of Article 3 establishes a three year statue of limitations for actions seeking to enforce an obligation, duty or right arising under Article 3 and not otherwise explicitly referenced by Article 3. Mo.Rev.Stat. § 400.3-118(g). Alternatively, Union Planters argues that even if Article 3's time limitations do not apply, the action would still be barred because of Missouri's borrowing statute. That statute states, "[w]henever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state." Mo.Rev.Stat. § 516.190. Union Planters argues that any damages suffered by plaintiff occurred in Florida. Florida has a four year statute of limitations for legal or equitable claims founded on fraud. Fla.Stat.Ann. § 95.11(3)(j).

Plaintiff argues in its surreply that under Florida law, a cause of action based on fraud begins to run either at the time plaintiff learned of the fraud or at the time when plaintiff exercising due diligence, reasonably should have learned about the facts giving rise to the fraud. Moneyhun v. Vital Indus. Inc., 611 So.2d 1316, 1322 (Fla.Dist.Ct.App. 1993). Plaintiff argues that the question of when fraud is discovered is a question for the jury and it cannot be decided on a motion to dismiss. Plaintiff alleges that it learned

7

for the first time in 2004 of Union Planters role in the fraudulent scheme to misappropriate plaintiff's $500,000. Thus, plaintiff argues that its cause of action is not time barred.

In a surrebuttal, Union Planters argues that plaintiff did not need to know Union Planter's exact role in order for its cause of action to accrue. Union Planters states that under Florida law, plaintiff is deemed to have learned of the alleged fraud when it had "notice of the possible invasion of [its] rights and it is not imperative that the plaintiff know of all elements of the cause of action . . ." Korman v. Iglesias, 825 F.Supp. 1010, 1015 (S.D.Fla. 1993), aff'd, 43 F.3d 678 (11th Cir. 1994)(internal citations and quotations omitted). Union Planters argues that the harm caused to plaintiff occurred prior to December 21, 1999 when misrepresentations were made by third parties inducing plaintiff to deliver the $500,000 cashier's check to such third parties. Soon after plaintiff delivered the check and did not receive its promised return, plaintiff had notice that there was a problem.

The Court finds that the most applicable statute of limitations is the Florida statute of limitations for fraud claims, as this is really the basis for plaintiff's claims. The Court agrees with plaintiffs that this is not a question which can be determined on a motion to dismiss. Rather, this is a question which is more appropriately addressed after the parties have had an opportunity to more fully develop the issues of when plaintiff's learned of the fraud or through the exercise of due diligence should have learned about the facts giving rise to the fraud.

**Count II - Aiding and Abetting Fraud**

8

**A. Harm Occurred Independent of Union Planter's Actions**

Union Planters argues that in order to pay IBHC, plaintiff purchased a cashier's check. Union Planters states that a cashier's check is a separate and independent transaction from the contract or relationship between the purchaser of the cashier's check and the payee. Union Planters states that when plaintiff paid for the cashier's check it suffered the damages alleged in its petition. After it purchased the check, it did not have a basis to seek return of its monies from the issuing bank.

Plaintiff argues that it was not injured simply by purchasing the cashier's check, plaintiff argues that its funds were deposited into IBHC's account at Union Planter's bank and the funds were then misappropriated by Macari and Jamar with defendant's assistance. Without Union Planter's action in negotiating the two checks that were overdue on their face and in failing to follow its own policy regarding the cashing of checks and in providing substantial assistance to non-customers, Jamar and Macari, plaintiff alleges it would not have been injured.

The Court finds that this issue is one which would benefit from further factual development. Plaintiff may be able to demonstrate that its damages were not independent of and in fact were the result of actions taken by Union Planters.

**B. Sufficiency of Aiding and Abetting Allegations**

Union Planters also challenges the sufficiency of the aiding and abetting allegations, arguing that plaintiff has failed to allege how Union Planters gained knowledge of the scheme to defraud and how Union Planters provided substantial assistance.

9

Plaintiff argues in response that its petition adequately alleges facts which are sufficient to state a claim for aiding and abetting. Plaintiff alleges that Union Planters created the means through which IBHC, Manter, Jamar Enterprises and Macari misappropriated its money. The petition alleges that Macari presented the checks for payment at Union Planters' bank on December 27, 1999. At the time Macari presented the checks, neither Macari nor Jamar Enterprises were customers of Union Planters. Plaintiff alleges that despite this fact, Union Planters failed to follow its own policies and procedures and issued three official checks to Macari in exchange for the checks that were overdue on their face. Plaintiff alleges that the issuance of the official checks made it easier for Macari and Jamar Enterprises to misappropriate plaintiff's $500,000. Plaintiff argues that these allegations constitute substantial assistance in order to establish a claim for aiding and abetting under Section 876 of the Restatement (Second) of Torts.

The Court agrees and finds that plaintiff has alleged facts sufficient to put defendants on notice as to the nature of plaintiff's allegations. Additionally, this is also something which can be further developed in discovery.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** defendant's Motion to Dismiss (Doc. # 5) and **GRANTS** plaintiff's Motion for Leave to File a Surreply (Doc. # 15).

Date: September 30, 2005  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
 United States District Judge